### BEGLEY vs. MORGAN ET AL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

The Registry Act of Congress, passed in 1792, section 11, relating to ships and vessels, is only intended to regulate the national character of the vessel, and not to vest title in the new owner.

The transmission of a bill of sale to the purchaser, followed by its actual receipt, is a delivery to him, at the moment of the transmission, which takes effect from its date.

The plaintiff attached the supposed interest of the defendants in the steam-boat Wm. L. Robeson, on the 28th April, 1838.

Larkin F. Wood and others, intervened, and claimed to be the owners. Wood claimed to be the owner of all the *interest* of the defendants in said boat, in virtue of a bill of sale signed by them, and dated at Memphis, Tennessee, the 8th of April, 1838, and which they enclosed in a letter addressed to the firm of Larkin F. Wood & Sinnott, in New-Orleans, dated at the former place, the 24th of April, 1838. This letter was received, Wood being one of the firm. It was shown that the notes of the defendants were given up on transferring their interest to the intervenor. There was judgment in favor of the intervenors, and the plaintiff appealed.

Eastern Dist.
*March*, 1840.

BEGLEY
*vs.*
MORGAN ET AL.

*A. Pierse*, for the plaintiff, contended, that at the time the attachment was served, and for a few days afterwards, the boat's papers were in the name of the defendants, as part owners, at the custom-house.

2. There is no proof that Wood had accepted, or even knew of the sale to him by defendants, until after the attachment was levied. The bill of sale should have been made known, and the title of the purchaser made public immediately, to hold against the attachment. It can have no effect against third persons until its publicity.

3. There is in fact no bill of sale shown, but only a copy certified by the collector. It only proves that the original was filed in his office. It cannot prove a sale of the property; the original should be produced for that purpose.

4. But even admitting the sale to have been consummated and binding on third persons when the attachment was issued, the other party has not shown *possession*, which is necessary to pass the property. See 7 *Louisiana Reports*, 707; 4 *Martin*, 20; 3 *Idem.*, 222.

5. The transmission of the bill of sale to the firm of the claimant's partner in New-Orleans, was no delivery of it. Where was it from the 8th to the 24th April, or at the time of the attachment?

6. The claimant never signed this bill, or became a party to it or the sale. He was bound to do so, and to show some act on his part towards the completion of the sale.

7. There is no proof that there was any consideration paid. The witnesses only swear they understood from the parties, that certain notes were to be given up. This is not explained. It was easy for the plaintiff to have done so ; and his title is, to say the least, doubtful.

8. The bill of sale is defective in not being acknowledged and registered before the clerk of the county where it was executed. See *Tennessee Laws, Session Acts of* 1835–6, *page* 163. It is also shown that the common law prevails in Tennessee.

*Preston*, contra.

*Martin, J.*, delivered the opinion of the court.

The plaintiff attached the supposed *interest* of the defendants in the steam-boat Wm. L. Robeson.

Larkin F. Wood intervened, and showed that at the time of suing out the attachment, the defendants had executed a deed of sale, and delivery of their interest as part owners in the steam-boat, to him. There was judgment in his favor, and the plaintiff appealed.

The counsel for the plaintiff urges that a change of papers relating to the registry of the vessel at the custom-house was necessary to vest title in the purchaser, and relies on the act of Congress, passed in 1792, section 11, concerning the registering of ships and vessels.

The District Court was of a different opinion, and considered the provisions of that act were only intended to regulate the right of the new owners to documents establishing the national character of the vessel. The court in our opinion did not err.

Among the other points raised by the appellant's counsel, one only requires our attention : It is, that the bill of sale of the defendants' *interest* in the steam-boat had not reached the intervening party at the time the attachment was served. It was enclosed by the defendants on the 24th April, 1838, at Memphis, in a letter addressed to the firm of Larkin F. Wood & Sinnott, at New-Orleans, of which the intervening

The Registry Act of Congress passed in 1792, section 11, relating to ships and vessels, is only intended to regulate the national character of the vessel, and not to vest title in the new owner.

party was a member. The precise time when the letter and its enclosure was received is not shown. The attachment was served on the 28th of April following the date of this letter.

We are of opinion that the transmission of the bill of sale, followed by the actual receipt of it by the intervening party, was a delivery to him at the moment of the transmission; for the person who received it from the defendants held it for the intervening party.

The transmission of a bill of sale to the purchaser, followed by its actual receipt, is a delivery to him, at the moment of the transmission, which takes effect from its date.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.